## Smith, et al. v. Metropolitan Life Insurance Company.

(Decided March 6, 1925.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Insurance—Substituted Policy, Offered by Company, Held Not Accepted by Insured.—Where insured applied for substituted endowment policy, and company refused one asked, but offered another in place, but insured commenced action to recover value of old policy which he had surrendered and died soon afterwards, counter proposition of insurer held not accepted, in absence of any payment of premium or direct evidence of presentation and acceptance.

H. W. ROOT and GRAZIANI & ROOT for appellants.

S. D. ROUSE and W. A. PRICE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, who was plaintiff in the trial court, sought to recover of the appellee, who was defendant, $500.00 upon an insurance policy No. 0245452S. She was unsuccessful, hence this appeal.

Her husband, Preston Smith, became on November 22, 1897, insured under a policy written by the Sun Life Insurance Company, for $100.00. He was then about twenty months old. Upon this policy there was paid weekly premiums of ten cents, and this policy has been kept alive. Some years after this policy was written, the defendant bought out the Sun Life Insurance Company, took over its business and assumed and undertook to carry out its contracts.

On June 17, 1919, an agent of the defendant proposed to him that he surrender this $100.00 insurance contract, that he receive the cash value upon it and that he take a $500.00 endowment policy from defendant. Smith accepted this proposition and made application for a twenty-year endowment policy for $500.00, the premium on which was $6.27, payable quarterly. On June 25, 1919, the defendant declined to issue the insurance policy applied for, but did issue the policy sued on herein, which was a twenty-year endowment special class policy, and sent that policy to its agent, with directions that he should take from Smith a new application and

should then deliver to him the policy sued on.   The agent did not see Smith promptly, but some time in September he called to see him, and learned that Smith was ill. Whereupon he wrote the company and asked for instructions.   There is nothing in the record to show what the company did, except that there is in the record a notice which was mailed to Preston Smith at his address, 134 W. Second St., Covington, Kentucky, by the defendant, in which it notified him that on September 27, 1919, there would be a premium of $6.27 due on the policy sued on. We do not know just when this notice was sent out, but there is endorsed on it the date, July 27, 1919, and that was just 60 days before the premium would become due, and was perhaps the date that that was sent to Smith. That was before the company had received notice that Smith was sick, at the time its agent undertook to deliver the policy sued on.   Smith did not pay this premium on September 27, 1919, but on December 13, 1919, he filed a suit in which he says that they have failed and refused to issue him the new policy of $500.00 and that the other policy they took and received from him was of the value of $100.00.   In that suit he asked judgment against the defendant for $100.00, with interest and costs.   The defendant demurred to that petition on February 4, 1920. On February 16, 1920, the court sustained that demurrer, and plaintiff was granted leave to amend. On February 20, 1920, Preston Smith died.   On February 2, 1921, the plaintiff, Susie Smith, began this action by filing a supplemental petition in the former action, by which she sought to recover upon this policy No. 0245452S.

The defendant answered denying the execution of the $500.00 policy, but admitting its liability on the Sun Life Insurance policy No. 495209U, in the sum of $152.80, which it indicated it was ready and willing to pay to the personal representative of Preston Smith, as that policy had been made so payable, whereas the policy sued on was payable to Susie Smith.

The matter was heard before a jury on January 12, 1922, and resulted in a verdict and judgment for the plaintiff.   The defendant filed motion for a new trial and, after consideration of it, the court sustained its motion. The matter was heard again on April 30, 1923, by the court upon the law and the facts, the bill of evidence on the former trial being by agreement considered as evi-

dence on this trial. This trial resulted in the dismissal of the plaintiff's petition. She has appealed, and insists that the court erred in awarding the defendant a new trial, and asks that the judgment for $500.00 rendered January 13, 1922, be reinstated. This case amounts to this: Preston Smith made application for insurance. The defendant declined to accept his application and made a counter proposition. Either because it was not presented to him or because he was not satisfied with it, it makes no difference which, Smith declined to accept it, and began an action asking for $100.00 which he alleged was the value of his old contract, thus clearly showing that he had revoked the proposition which he had made to the defendant for the $500.00 contract. Plaintiff having failed to allege or prove that Preston Smith's application would have been accepted but for his death and having sued upon the contract which the record shows was never completed by Smith's acceptance of the defendant's counter proposal upon which contract neither Preston Smith nor any one for him had paid any premiums, and the record showing that Preston Smith during his lifetime repudiated the negotiations between him and the defendant, it follows that the trial court did not err in awarding defendant a new trial; that it did not err in dismissing the plaintiff's petition, and, therefore, the judgment is affirmed.